IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMELA CARTHAN, as Natural Mother, Guardian and
Next Friend of J.D.C., a Minor, and as Personal
Representative on Behalf of the Wrongful Death
Beneficiaries of THE ESTATE OF EDWARD BOYD,
Deceased                                                                                           PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:25-CV-163-CWR-ASH

MANAGEMENT & TRAINING CORPORATION, AND
JOHN AND JANE DOES 1-100                                                              DEFENDANTS

## ANSWER AND DEFENSES OF MANAGEMENT & TRAINING CORPORATION TO FIRST AMENDED COMPLAINT

COMES NOW Defendant Management & Training Corporation ("MTC"), by counsel, and files its Answer and Defenses to Plaintiff's First Amended Complaint, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE - ANSWER

1.  Admitted.

### JURISDICTION AND VENUE

2.  MTC admits that it appears that this Court has jurisdiction over this matter based upon the allegations of the Complaint. The remaining allegations of paragraph 2 are denied.

3.  MTC admits that venue appears to be proper in this Court based upon the allegations of the Complaint. The remaining allegations of paragraph 3 are denied.

### PARTIES

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies same.

5. Defendant admits that Boyd was an adult resident citizen of Mississippi, a prisoner incarcerated at East Mississippi Correctional Facility (EMCF), and that substantial alleged acts or events occurred in Lauderdale County, Mississippi, including Decedent's death. The remaining allegations of paragraph 5 are denied.

6. MTC admits that it is a national for-profit corporation that manages private prisons that is incorporated in Delaware with its principal place of business in Utah, that MTC contracted with Mississippi Department of Corrections for the management of certain prisons in accordance with said contract, which speaks for itself, and that MTC is subject to *in personam* jurisdiction in this Court. MTC denies that the remaining allegations of paragraph 6 contain a complete or accurate statements of the facts and/or duties owed.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies same.

8. MTC admits only that it was operating pursuant to and in accordance with its contract with MDOC at all relevant times. Otherwise, denied.

## FACTS

9. MTC incorporates its prior answers and defenses.

10. MTC admits only that Plaintiff was involved in a fight or altercation and died on or about March 19, 2024. The remaining allegations of paragraph 10 are denied.

11. Other than to admit that the referenced lawsuits were filed against MTC, MTC denies the allegations of paragraph 11.

12. Denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies same.

14. Denied.

15. Denied.

16. MTC admits the first sentence of paragraph 16 but denies the remaining allegations.

17. Defendant admits that the referenced lawsuit was filed. Otherwise, denied.

18. Defendant admits that Vail testified as an expert and Waren Shaw as a witness in the *Dockery* case. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Vail and Shaw's exact testimony in that case and therefore denies those allegations. The remaining allegations of paragraph 18 are denied.

19. Defendant admits that Naidow testified in the referenced lawsuit, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Naidow's exact testimony in that case and therefore denies the allegations. Defendant admits that the block quote appears in the referenced opinion from Judge Barbour. The remaining allegations of paragraph 19 are denied.

20. Denied.

21. Defendant admits that Brown and Huffman testified in the referenced lawsuit, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding their exact testimony in that case and therefore denies those allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the exact language of Vail's report in that case and therefore denies that allegation. The remaining allegations of paragraph 22 are denied.

23. Denied.

24. MTC incorporates its prior answers and defenses.

25. Defendant is currently without knowledge or information sufficient to form a belief as to Decedent's gang affiliation and therefore denies that allegation. The remaining allegations of paragraph 25 are denied.

26. Denied.

27. Denied.

28. Denied.

29. MTC incorporates its prior answers and defenses.

30. Defendant admits on information and belief that Decedent was involved in a fight or altercation on March 18, 2024 at EMCF, that he was discovered unresponsive in a cell with stab wounds, and that he was pronounced dead at approximately 5:41 a.m. The remaining allegations of paragraph 30 are denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies same.

32. Other than to admit that MTC has produced video of the subject incident, MTC denies the allegations of paragraph 32.

33. Denied.

34. MTC admits on information and belief that Decedent appeared to struggle to stand at one point on the video and fell to the ground. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and therefore denies same.

35. Denied.

36. Denied.

37. Denied.

38. MTC denies that paragraph 38 contains a complete or accurate statement of the pertinent policies and procedures. The remaining allegations of paragraph 38 are denied.

39. Denied.

40 Denied.

41. MTC admits that Bell's written statement, which speaks for itself, states that she discovered Decedent unresponsive in a cell while conducting the 5:00 a.m. certified count on Bravo on March 19, 2024, that an offender notified her that assistance was needed in cell 107, that she discovered Decedent lying unconscious with his eyes wide open, that he was lifeless and blue with no pulse, and that the last time seeing Decedent alive was "around 4:00 a.m. count." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 and therefore denies same.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies same.

43. Denied.

44. MTC admits that the quoted language is contained in the Critical Incident Debriefing Form. The remaining allegations of paragraph 44 are denied.

45. Denied.

46. Denied.

## § 1983 CAUSES OF ACTION

47. MTC incorporates its prior answers and defenses.

48. Paragraph 48 consists of legal conclusions to which no answer is required. To the extent an answer is required, MTC denies that paragraph 48 contains a complete or accurate statement of the duties owed.

49. Denied, including sub-parts a) through f).

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies same.

51. Denied.

52. Denied.

53. Denied, including sub-parts a) through l)

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies same.

55. Denied.

56. Denied.

## NEGLIGENCE/GROSS NEGLIGENCE

57. MTC incorporates its prior answers and defenses.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## NEGLIGENT HIRING AND SUPERVISION

62. MTC incorporates its prior answers and defenses.

63. Denied.

## RESPONDEAT SUPERIOR

64. MTC incorporates its prior answers and defenses.

65. Denied.

## PUNITIVE DAMAGES

66. MTC incorporates its prior answers and defenses.

67. Denied.

68. Denied.

## PRAYER FOR RELIEF

69. Denied, including sub-parts A. through F.

### FIRST AFFIRMATIVE DEFENSE

No acts or omissions of Defendant caused or contributed to any constitutional violations or injuries, and all actions taken by Defendant were done with probable cause, reasonable care, and in accordance with the policies and procedures of the Mississippi Department of Corrections.

### SECOND AFFIRMATIVE DEFENSE

At all times, Defendant provided the Plaintiff with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States, including the Eighth Amendment, as well as the Constitution and Laws of the State of Mississippi.

### THIRD AFFIRMATIVE DEFENSE

No rights, liberties, privileges, or constitutional rights were violated by Defendant in any way. All applicable guidelines, rules, and policies were followed and complied with.

### FOURTH AFFIRMATIVE DEFENSE

The sole proximate cause of Plaintiff's injuries and damages, if any, was the negligence of the Plaintiff or other third parties for which Defendant can have no liability and should be dealt with according to the law of contributory and/or comparative negligence. Defendant specifically raises all applicable provisions of MISS. CODE ANN. §§ 11-1-66.1 and 85-5-7.

### FIFTH AFFIRMATIVE DEFENSE

Defendant cannot be held vicariously liable for the acts or omissions of others under 42 U.S.C. § 1983.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages may be the result of a superseding, intervening cause for which Defendant can have no liability.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have suffered from pre-existing conditions not caused or contributed to by the actions of Defendant, and if so, there can be no recovery for said pre-existing conditions.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant would show that Plaintiff has a duty to use reasonable care to mitigate his damages and any damages that could have been mitigated, and were not, are not recoverable.

### NINTH AFFIRMATIVE DEFENSE

At all times, the actions of Defendant were in good faith and objectively reasonable.

### TENTH AFFIRMATIVE DEFENSE

At no time did Defendant act with deliberate indifference to any right guaranteed to the Plaintiff by the U.S. Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to identify any actions or omissions on the part of Defendant that rise to the level of a violation of his rights under the U.S. Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant pleads all applicable provisions of the Prison Litigation Reform Act as a bar to the Plaintiff's claims or as a limitation of liability, which is denied.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is subject to the provisions of 28 U.S.C. § 1915.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is subject to the provisions of 18 U.S.C. § 3626, including the restrictions, limitations, and penalties therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is subject to the provisions and limitations of 42 U.S.C. § 1997e(a) regarding the requirement that Plaintiff exhaust his administrative remedies prior to filing suit, and this action is barred due to Plaintiff's failure to comply therewith.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any deprivation which rises to the level of constitutional violation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Defendant acted in good faith within its discretionary authority. The actions of Defendant were reasonable, without malice, and in accordance with existing principles of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury as a result of the actions of Defendant, which is denied, the same was *de minimus* and Plaintiff's claim must be dismissed. Defendant specifically raises the provisions of 42 U.S.C. § 1997.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery of damages, if any, is limited by applicable state and/or federal law and the statutory limitations and caps contained therein.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant invokes and assert all protections, defenses and limitations and caps set forth in the Mississippi Tort Reform Act, as codified at MISS. CODE ANN.§ 11-1-60.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

There is no act or omission or any type of gross negligence or willful or wanton conduct that would give rise to the imposition of punitive damages in this case or even the consideration of the same under state or federal law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant invokes the safeguards of the Equal Protection Clause and Due Process Clause of the United States Constitution and Article Three, Section Fourteen, of the Mississippi Constitution, the provisions of MISS. CODE ANN. § 11-1-65 and § 11-46-15(2), and the Rooker-Feldman doctrine as a bar to recovery of punitive damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant incorporates by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the Due Process Clause and Excessive Fines Clause, and the standards are not clear and, therefore, the imposition of punitive damages against these Defendants is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely on such other and further defenses that may become available or apparent during discovery in this action and reserves the right to amend its answer to assert any such defenses.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant contends that Plaintiff is not under "imminent danger of serious physical injury" as contemplated by 28 U.S.C § 1915(g) and, therefore, this lawsuit should be dismissed as Plaintiff may have brought three or more lawsuits in courts of the United States that were dismissed on the grounds that they were frivolous.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant raises the following defenses to the extent applicable: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant was not responsible for providing medical services at EMCF.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join indispensable parties in order to properly adjudicate the present matter, as set forth by Rules 12(b)(7) and 19 of the Fed. R. Civ. P.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to comply with all conditions precedent and with all statutory and/or due process and /or requisites for this suit against MTC.

**THIRTIETH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's decedent specifically and/or generally failed to exhaust any and all available administrative remedies prior to filing suit, his claims and this Complaint are barred and must be dismissed.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

MTC would show that any alleged injuries or damages suffered by Plaintiff or his decedent as a result of the events complained of (which are denied) were caused solely by reason of the conduct of Plaintiff or his decedent, and that all actions of MTC were, in every sense, lawful, proper, and responsible and done in compliance with adopted policies and procedures.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

MTC specifically reserves and invokes all defenses available to it or to which it is entitled under any applicable state and federal law and other policies, standards, regulation, laws, statutes, authorities, and ordinances.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

At all times relevant to the Complaint, MTC acted in good faith reliance upon existing state and/or federal laws without malice, deliberate indifference, reckless disregard, injurious intent, or wrongful motive.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Neither MTC nor its agents had any actual or constructive knowledge of any imminent danger to Plaintiff's decedent at any time relevant to the allegations contained in the Complaint.

DATED: July 8, 2025.

        Respectfully submitted,

        MANAGEMENT & TRAINING CORPORATION


        BY:   /s/Tom Julian_____
              OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
214 KEY DRIVE, SUITE 2000
POST OFFICE BOX 2483
MADISON, MISSISSIPPI 39130-2483
TELEPHONE:  601-969-7607
FACSIMILE:  601-969-1116